J-S19036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL J. VIDRA | : | |
| | : | |
| Appellant | : | No. 1319 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 9, 2025
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000474-2025

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: June 30, 2026**

Appellant, Paul J. Vidra, appeals from the judgment of sentence entered in the Court of Common Pleas of Cambria County on September 9, 2025. After review, we affirm.

The relevant facts and procedural history are as follows: On April 14, 2025, deputies from the Cambria County Sheriff's Department attempted to execute an outstanding warrant for the Appellant's arrest. During their efforts, deputies observed Appellant operating a maroon Jeep. They attempted to conduct a traffic stop, but Appellant refused to comply and fled at a high rate of speed. A pursuit ensued involving deputies and police officers and continued

_____

[*] Former Justice specially assigned to the Superior Court.

for a significant distance before being terminated due to safety concerns. Appellant was later apprehended on foot.

Appellant was charged with nineteen offenses related to his flight from law enforcement. On July 28, 2025, Appellant entered a guilty plea to three of those offenses. Specifically, he pleaded guilty to count 2: Fleeing or Attempting to Elude a Police Officer, 75 Pa.C.S.A. § 3733(a), a felony of the third degree, and counts 16 and 17: two counts of Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, a misdemeanor of the second degree.

A pre-sentence investigation was ordered and completed, revealing the following:

1) [Appellant's] prior record score was three (3);

2) [Appellant's] standard guideline penalty for Count 2, Fleeing or Attempting to Elude Police Officers (F3) was six (6) to nine (9) months with a statutory maximum of seven (7) years;

3) [Appellant's] standard guideline penalty for Count 16, Recklessly Endangering Another Person (M2) was three (3) to six (6) months with a statutory maximum of two (2) years; and

4) [Appellant's] standard guideline penalty for Count 17, Recklessly Endangering Another Person (M2) was three (3) to six (6) months with a statutory maximum of two (2) years.

Tr. Ct. Op. at 2.

A sentencing hearing was held on September 9, 2025. Appellant was sentenced as follows:

a) On Count 2, Fleeing or Attempting to Elude Police Officers (F2), to not less than nine (9) months to no more than thirty-six (36) months in state correctional facility; credit for time served; ineligible for the RRRI program; and ineligible for SM Boot Camp.

b) On Count 16, Recklessly Endangering Another Person (M2), to not less than 6 months to no more than 12 months; this sentence ran consecutively to Count 2 and, therefore, directed [Appellant] to serve said time in a state correctional facility, credit for time served; ineligible for RRRI program; and ineligible for SM Boot Camp.

c) On Count 17, Recklessly Endangering Another Person (M2), to not less than 3 months to no more than 12 months; this sentence ran concurrently to Count 16, but directed [Appellant] to serve said time in a state correctional facility, credit for time served; ineligible for RRRI program; and ineligible for SM Boot Camp.

Thus, [Appellant] received an aggregate sentence of incarceration of not less than 15 months to no more than 48 months in a state correctional facility.

Tr. Ct. Op. at 2-3.

Appellant filed a timely post sentence motion requesting a modification of sentence on September 17, 2025. The trial court denied Appellant's motion without a hearing on September 19, 2025. Appellant filed a timely notice of appeal on October 8, 2025. On November 13, 2025, Appellant filed a concise statement pursuant to Pa.R.A.P. 1925(b). The trial court filed a 1925(a) opinion on November 19, 2025. This appeal follows.

Appellant raises the following issue for our review:

Whether the Honorable Michael A. Carbonara committed an abuse of discretion in denying Appellant's Pose Sentence Motion as the sentence imposed by the court was unduly harsh and excessive?

Appellant's Br. at 3.

As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right."

- 3 -

***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***.

Here, Appellant filed a timely appeal. He presented a Pa.R.A.P. 2119(f) statement in his brief. ***See*** Appellant's Br. at 10-12. Appellant preserved his issue in his post-sentence motion. We therefore will proceed to determine if Appellant raised a substantial question.

"A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Brown***, 249 A.3d 1206, 1211 (Pa. Super. 2021). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Crawford***, 257 A.3d 75, 78 (Pa. Super. 2021) (citation omitted). An appellate court will not lightly disturb the trial court's sentencing judgment as the judge is in the best position to "review the defendant's character, defiance or

- 4 -

indifference, and the overall nature of the crime." ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (internal citation and quotations omitted).

Here, Appellant acknowledges that it is within the court's discretion to impose consecutive or concurrent sentences and that a challenge to the imposition of a consecutive as opposed to a concurrent sentence generally does not raise a substantial question. Appellant's Br. at 13. Appellant instead argues that pursuant to the sentencing code, each of Appellant's offenses fell within "Level C" of the sentencing levels which limits confinement to a county facility, *i.e.*, a maximum sentence of less than twenty-four months. Because the sentence imposed on Appellant requires incarceration in a state facility because his aggregate maximum sentence is forty-eight months, he argues that his sentence is excessive and breaks from the norms and stated purposes of the sentencing code. ***Id.*** at 12.

The sentencing code describes the suggested sentences for "Level C" offenses as follows:

> (3) The sentencing levels and related standard range offense-specific sentence recommendations are described below:
> * * *
> (iii) Level C, limited to confinement in a county facility, while providing for the use of probation with restrictive conditions as an alternative when eligible and appropriate.
>
> > (A) The guidelines recommend consideration of confinement in a county facility, or an equivalent period of restrictive conditions of probation, with the court retaining jurisdiction of the case. The use of county confinement with the court authorized to

- 5 -

consider county programs and county parole, or in the alternative, the court having the discretion to use probation with restrictive conditions to provide community supervision and/or treatment, supports multiple utilitarian purposes including deterrence, rehabilitation, and restoration.

(B) Confinement recommendations include:

(I) The use of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the person.

(II) The use of confinement in a county facility, with a minimum term less than 12 months and as designated, and a maximum term of less than 24 months; with the court authorized to consider a county reentry program or partial release program as provided in §  303a.1(c), and county parole pursuant to 42 Pa.C.S. §  9776 (relating to judicial power to release inmates).

(III) Unless otherwise designated, the range of months in the standard range refers to the recommended minimum term of confinement.

204 Pa. Code § 303a.5(c)(3)(iii).

Appellant is correct that each of his offenses individually fall into "Level C" of the sentencing levels, and that Level C sentences limit confinement to a county facility with a maximum term of less than twenty-four months. However, he ignores the fact that he committed three Level C offenses, that he had a prior record score of three, that two of this sentences were set to run concurrent and only one was imposed consecutively, that his sentences fall within the guideline range, and that his sentences do not exceed the

statutory maximum. The aggregate sentence of fifteen to forty-eight months' incarceration resulted from multiple convictions, not from an above-maximum sentence on any individual count. In fact, the sentencing court did not deviate from the guideline recommendation or sentencing level on any individual count. Despite Appellant framing the issue as his sentence being contrary to the guidelines, Appellant is in essence arguing that the consecutive nature of the sentence for count sixteen raised his aggregate sentence above that recommended for a single, Level C offense. This does not raise a substantial question, *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010), and Appellant cites no authority to suggest that it does.

The trial court stated in its 1925(a) opinion:

> The [c]ourt sentenced [Appellant] within the guidelines as provided by his PSI and the statutory maximums under Pennsylvania law. There is no allegation that any part of his sentence is outside his guidelines or statutory scheme, but only that this [c]ourt abused its discretion in sentencing him.

Tr. Ct. Op. at 3.

We agree that Appellant failed to raise a substantial question. Even if he did, we would find no abuse of discretion by the trial court. Appellant's reckless high-speed chase put the lives of everyone on the road, including officers and innocent civilians, in danger in attempts to avoid accountability. A fifteen to forty-eight-month sentence of incarceration is not excessive under the circumstances. Additionally, the record reflects that the court reviewed a PSI before sentencing. Therefore, we presume the court considered all relevant

sentencing factors. ***See Commonwealth v. Bonner***, 135 A.3d 592, 605 (Pa.

Super. 2016). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/30/2026